JOHN RANDALL JR. v. JAMES N. SUTTON's Executor.

Fraud in the usual sense and meaning of the term is never presumed in law, but it must be proved by the party who alleges it, like any other fact, to the satisfaction of the jury.

If pending an amicable action between parties who have mutual accounts against each other on a rule of reference out of court, the defendant institutes proceedings in bankruptcy under the act of Congress, and files, as required by it, under his oath, a list of his creditors and of the several sums respectively due to them, and also of his debtors and the several sums respectively due from them, and inserts in the latter list the name of the plaintiff with the amount claimed to be due from him, but omits to insert his name in the list of his creditors or any amount as due to him, stating however that there were mutual and unsettled accounts between them, and referring to the fact that the same were then in the course of amicable litigation between them as before mentioned, it is no evidence of fraud to effect or invalidate his discharge in bankruptcy, notwithstanding the plaintiff afterward obtains judgment against him in the amicable action and before the final discharge of the defendant in bankruptcy. For it was not incumbent upon the latter after the recovery of the judgment, to add the former to the list of his creditors with the amount of the judgment due him ; whilst it was competent for the plaintiff to have appeared in the court in which the proceeding was yet pending and proved his judgment before the final discharge of the defendant in bankruptcy.

SCIRE FACIAS upon a judgment recovered in this court by John Randall, Jr. against James N. Sutton on the 6th day of December, 1842. The only plea relied on by the

defendant was that after the recovery of the judgment James N. Sutton was duly discharged from all liability to be sued or executed thereon, by proceedings and certificate in bankruptcy under the bankrupt law of the United States, to which the replication of the plaintiff was that the discharge in bankruptcy pleaded, had been fraudulently obtained by Sutton, and to this the defendant rejoined and took issue upon it. The record of the judgment and of the proceedings in bankruptcy were produced and read in evidence on behalf of the respective parties.

*Guthrie*, for the plaintiff: The judgment which was for $1800 was obtained on a rule of reference and report of referees, on the 6th of December, 1842. The bankrupt act of Congress required that the applicant for the benefits of it, should file in the court in which his application was made, a list of all his creditors and the several debts due to them and also of all his debtors and the several sums due to him from them, under his oath or affirmation. In the application referred to on behalf of the defendant, such lists were filed both of the creditors and debtors of Sutton, but in the list of the former, that debt of $1800 due the plaintiff on that judgment, was not stated nor noticed, nor did his name anywhere appear upon the list of his creditors ; but nevertheless, it did appear upon the list of the latter, among his debtors so filed and he was therein represented and set down as a debtor to him in an amount very considerably exceeding the amount of that judgment so recovered by the plaintiff against him. His application for the benefit of the bankrupt law was filed on the 10th of February, 1842, and his certificate of discharge under it was dated the 13th of December following, just seven days after that judgment was thus recovered against him by the plaintiff; whilst the suit in which it was so recovered, it appeared from the records of this court was instituted and pending against him, as early as the 17th of May, 1841.

*Rodney,* for the defendant : The single question in the case was whether the certificate of bankruptcy of James N. Sutton was, or was not, fraudulently obtained. The certificate of his discharge was conclusive against all his creditors from the moment it was granted, unless it could be successfully impeached on the ground of fraud, either actual or constructive. Now, what were the facts in the case ? At the time when his application in bankruptcy was presented, and when the lists and schedules of his creditors and debtors were filed in the District Court of the United States for this district, that suit on which the plaintiff relied and the record of which he had produced, was pending as an amicable action in this court, in which each party to it was claiming that the other was his debtor, and in which it appeared from the schedule of his debtors filed as before stated in that court, and from the entry therein made with reference to the plaintiff, that he was then actually claiming him as his debtor to an amount over $2000 and to which he made special reference in that schedule, as a sum involved in dispute between them and then awaiting the determination of that amicable action at that time pending in this court between them. An amicable action, instituted as such actions always were by the friendly agreement and mutual consent of the parties to them, necessarily implied that they had con-flicting and unsettled claims against each other, and that each considered the other on a full, fair and final settle-ment of their mutual demands, a debtor to him. And such being the case, how could Sutton at that time include that sum of $1800 in the schedule of his creditors, as a debt due from him to the plaintiff? He did, as clearly appeared, all he could do with safety in regard to the matter, and it was done in good faith and it was consci-entiously sworn to by him as all he could venture to af-firm with reference to it under the circumstances. What ground then could there be for imputing the slightest symptom of fraud to him in the transaction ? There was not even the semblance of fraud, concealment, or bad faith in it.

But even if the defence had been less clear, conclusive and satisfactory on the facts just stated, still the plaintiff would be without any just or legal right to recover in the present action. Because it was not only competent for him, but it was incumbent upon him under the act of Congress in question, after the recovery of that judgment by him seven days before the certificate of discharge in bankruptcy was granted and issued to Sutton, to have gone before that tribunal and proved the debt and judgment he had then recovered against him, when it would have been embraced in the list of proved, allowed and established debts against him, and when he would have received his *pro rata* dividend under the decree of that court, with his other creditors who had proved and established their respective claims against him, out of the property and effects of Sutton. But not having done that, the plaintiff was now concluded and estopped by the provisions of the bankrupt act itself, from recovering anything in this action against the defendant.

*Guthrie*, in reply, questioned the soundness of the last reason urged by the counsel for the defendant and in controverting it, contended that it was by no means clear or certain that such was the meaning, or the proper construction of the act of Congress in regard to the matter.

*The Court, Gilpin, C. J.,* charged the jury : The action was on a judgment of this court, the record of which was before them, and was evidence of the debt claimed by the plaintiff to be due him from the estate of James N. Sutton, deceased, and the only defence relied upon by his executor was, that Sutton in his life-time had been exonerated from his legal liability to pay it, or to be sued for it, by virtue of his certificate of discharge as a bankrupt in the District Court of the United States in this district on the 13th day of December, 1842, but which the plaintiff in reply to it, alleges was fraudulently obtained. If it was not fraudulently obtained, it was a

complete legal defence to the action, and if they were so satisfied from the evidence before them, their verdict should be for the defendant; but if on the contrary, they should be satisfied from the evidence before them, that it was fraudulently obtained, then it would constitute no defence whatever to the action and their verdict should be for the plaintiff, and for the amount of the judgment with interest upon it from the date of its recovery and the costs taxed upon the record of it.

The sole question then for them to determine was, whether the certificate of discharge in bankruptcy referred to, was unjustly and fraudulently procured by Sutton. Actual fraud, or fraud in the ordinary sense and meaning of the term, was never presumed in law to exist, but it was a matter of fact to be proved to the satisfaction of the jury by the evidence in the case, and was never to be presumed without sufficient evidence to prove it, and the duty of doing that was always incumbent upon the party in the suit who alleges and asserts it. In what particular mode the fraud alleged in this case was practiced or committed, had not been specifically or clearly suggested, and we suppose the idea to be that it is at least inferential from the facts proved that the name of the plaintiff was at no time inserted in the list of his creditors filed by Sutton during the pendency of the proceeding in bankruptcy, and that the plaintiff, before the conclusion of it, actually recovered a judgment against him in a suit all the while pending in this court, for a debt of $1800. But the jury had all the evidence on that subject in regard to that matter before them, and if they were satisfied from it that there were counter and conflicting claims and mutual and unsettled accounts at that time pending between Sutton and the plaintiff, and that they were then in the course of amicable litigation and adjustment between them before this tribunal, and that the amount of Sutton's claim or account against the plaintiff was such as he had stated and alleged it to be in the list and schedule of his debtors filed in the proceeding in bankruptcy, and that he made no concealment

of it, or misrepresentation in regard to the matter, but stated it as it then stood between them at the time of filing the list of his debtors, the court felt bound to say to them that in such a view of the matter there was nothing in it to warrant, much less to prove and establish any presumption of fraud against Sutton in the transaction ; notwithstanding the plaintiff afterward, and seven days before the final discharge of the proceeding in bankruptcy, obtained a judgment against him in the suit in this court for $1800.   Because, while on the one hand, it was not imperative upon Sutton at that stage of the proceeding under the act of Congress, to make any mention, or to take any further notice of the matter, it was on the other, perfectly competent for the plaintiff under the act of Congress, at any time, either before or after the recovery of the judgment, to have gone into the District Court and there proved his debt or demand against him whilst the proceeding in bankruptcy was pending and before the certificate of discharge therein was finally awarded to him.